﻿Citation Nr: 19172657
Decision Date: 09/18/19 Archive Date: 09/18/19

DOCKET NO. 17-03 605
DATE: September 18, 2019

REMANDED

Service connection for right-ear hearing loss is remanded.

REASONS FOR REMAND

The Veteran served in the United States Army from October 1968 to May 1970. During his service the Veteran was deployed to the Republic of Vietnam (RVN) during the Vietnam War.

This appeal comes to the Board of Veterans’ Appeals (Board) from a Department of Veterans Affairs (VA) February 2016 rating decision of the Agency of Original Jurisdiction (AOJ).

In November 2016 the Veteran underwent a VA examination to assess the severity and etiology of his hearing loss. The Board notes that the Veteran currently has a hearing loss disability in both ears per 38 C.F.R. § 3.385.

The examiner found that the Veteran’s left ear was service connected, but not his right ear. The basis for this finding was that, according to the examiner, there was no “significant threshold shift” when comparing the Veteran’s military entrance and separation examinations. The AOJ then held that the Veteran’s left-ear hearing loss was service connected in a November 2016 rating decision.

 

The Veteran’s June 1968 entrance examination in had the following results:

Hertz 500 1000 2000 3000 4000

RIGHT 5 0 5 15 20

LEFT 5 0 0 5 0

 The Veteran’s May 1970 separation examination had the following results:

Hertz 500 1000 2000 3000 4000

RIGHT 15 10 10 N/A 10

LEFT 20 15 10 N/A 10

 

While the Board cannot make medical determinations, the Board can interpret data. Kelly v. Brown, 7 Vet. App. 471 (1995). Based upon a comparison of the Veteran’s entrance and separation examinations, it is unclear how the examiner concluded that there was a significant threshold shift in the Veteran’s left ear but not his right ear. Both ears appear to have results that doubled or even tripled between the two examinations. 

The November 2016 examiner noted that the Veteran’s score in the 3000 Hertz range on his right ear was 10 decibels (dB) on his separation examination. The Veteran’s service treatment records (STRs) contain a copy of his separation examination. The separation examination has no score for the 3000 Hertz range. It is possible that the examiner relied on another audiology examination in the claims file that could, at best, be assumed to be related to the separation examination. 

However, the Board notes that the physician conducting the separation examination purposefully crossed out the box for the 3000 Hertz range, thereby deliberately indicating that there is no result for that frequency. As such, the Board is unclear as to where the November 2016 examiner found the score of 10 dB, and on what basis the examiner decided to apply said score to the Veteran’s separation examination.

The inconsistencies between the Veteran’s STRs and the reasoning provided by the November 2016 examiner are such that the Board cannot rely on the November 2016 examination to decide in this matter.

As the Veteran has not made clear whether his hearing loss has been bothering him since separating from the Army, and the irregularities in the November 2016 examination findings regarding the Veteran’s right-ear hearing loss, the Board finds it necessary to remand the matter for further development. McLendon v. Nicholson, 20 Vet. App. 79 (2006).

The matters are REMANDED for the following action:

1. Obtain an addendum opinion regarding the etiology of the Veteran’s hearing loss in his right ear from a qualified VA examiner. The examiner should be provided a copy of the Veteran’s claims file to review as well as this remand directive. 

The examiner shall provide a medical opinion as to whether it is as least as likely as not (50 percent chance or greater) that the Veteran’s hearing loss in his right ear had its onset while he was in the Army, is otherwise caused by his service, or had its onset within one year of the Veteran’s separation from active service. 

The examiner must address: 1) whether the obvious changes in his testing scores from his entrance examination to his separation examination constitute a significant threshold shift, and if not, the examiner must explain what constitutes a significant threshold shift and describe why the Veteran’s right-ear hearing loss does not meet the definition; and 2) ascertain from the Veteran when his hearing loss started.

A complete rationale must be provided by the examiner. In rendering the above opinions, the examiner is advised that the absence of in-service evidence of a hearing disability is not always fatal to a service connection claim. If the examiner is unable to provide the necessary opinions without resorting to speculation, the examiner must explain why.

 

 

JOHN Z. JONES

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board M. Neville, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.